IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDIO ABUNDIZ, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| ROBERT L. LEE, | * | |
| | * | Civil No. 3:00-CV-2029-H |
| Intervenor, | * | |
| | * | |
| v. | * | |
| | * | |
| EXPLORER PIPELINE CO., | * | |
| QUICKTRIP CORPORATION, and | * | |
| VALERO ENERGY CORPORATION | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Before the Court is Defendant QuikTrip Corporation's ("Quicktrip") Motion for Summary Judgment against all Plaintiffs, filed September 15, 2003; the Plaintiffs' Response, filed October 15, 2003; and the Defendant's Reply, dated October 30, 2003. In addition, in response to the Court's Order of November 25, 2003, the Parties have filed Supplemental Briefs, both dated December 8, 2003, regarding certain evidence submitted by the Plaintiffs in their Response.

Upon review of the pleadings, briefs, and relevant authorities, the Court is of the opinion for the reasons stated below that Defendant Quicktrip's Motion for Summary Judgment should be **GRANTED**.

I.  **BACKGROUND**

This case derives from a release of 600,000 gallons of refined unleaded gasoline containing methyl tertiary butyl ether ("MTBE") from a pipeline near a tributary of East Caddo Creek in Hunt County, Texas on March 9, 2000. (Defs.' App. III at 739, 796).[1] The spill drained into a tributary of East Caddo Creek. (*Id.* at 796). Plaintiffs allege that QuickTrip owned the "refined oil products treated with MTBE at the time they were released and/or discharged from the pipeline." (Third Am. Compl. at 6). The Plaintiffs are owners of property in Hunt County. (*Id.* at 4).

Plaintiffs bring the following causes of action against QuickTrip: negligence, gross negligence, strict liability/defective product, trespass, nuisance, and injunctive relief under The Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.

II.  **ANALYSIS**

A.  **Summary Judgment Standard**

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. FED.R.CIV.P. 56; *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Innovative Database Systs. v. Morales*, 990 F.2d 217 (5th Cir. 1993). "The moving party bears the initial burden of identifying

---

[1] In its Motion QuickTrip joins in and adopts the motions, briefs and appendices submitted by co-Defendants. (Defs.' Br. at 9).

2

those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Properties, Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25). If the movant fails to meet its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

If the movant does meet its burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the motion for summary judgment. FED. R. CIV. P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Assn.*, 65 F.3d 443, 447 (5th Cir. 1995). In determining whether genuine issues of fact exist, "[f]actual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625; *see also Eastman Kodak v. Image Technical Services*, 504 U.S. 451 (1992). However, in the absence of any proof, the Court will not assume that the nonmoving party could or would prove the necessary facts. *Lynch*, 140 F.3d at 625. A party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

B. **RCRA Claim**

On November 25, 2003 the Court granted Explorer Pipeline's Motion for Summary Judgment against the Plaintiffs' RCRA claims in this case finding that the Plaintiffs had not presented sufficient summary judgment to support a claim under RCRA: they did not show an imminent and substantial endangerment to health or the environment from MTBE at East Caddo Creek resulting from the March 9, 2000 gasoline release from the pipeline. *See Cox v. Dallas,* 256 F.3d 281, 292 (5th Cir. 2001).

In their Response to Quicktrip's Motion currently under consideration, the Plaintiffs provide additional evidence including reports from the time immediately following the spill.² These reports, however, are almost four years old, and do not show an *imminent* and substantial endangerment to health or the environment.

In addition, the Plaintiffs present a letter from David C. Myers, Counsel for Explorer Pipeline, and a document labeled "Table 4–East Caddo Creek Sediment Sample Analytical Summary." (Pls.' App. 2-1, 2-2, and 2-3). In its Order of November 25, 2003, the Court directed the Parties to provide briefing as to the relevance of these documents for this matter. In its briefing the Plaintiffs do not claim that the testing results presented in Table 4 are from samples taken on their properties. Rather, they claim that the results were obtained from locations on East Caddo Creek upstream from their properties. Further, they do not claim that the test results show an imminent endangerment to health or the environment. Rather, they claim

---

²These include: results from sediment samples collected on March 31, 2000 and the deposition testimony of Robert L. Lee regarding his observations from the evening of the spill (Pls.' Apps. 1-1, 1-2, and 3-1 through 3-9).

4

that the upstream level of contamination reflected in the study reduces the value of their properties.³ (Pls.' Brief Concerning Relevance. . ., at 2-4).

The Plaintiffs have not presented sufficient summary judgment evidence to sustain a RCRA claim against QuickTrip. Quicktrip's Motion for Summary Judgment on the Plaintiffs' RCRA claim is **GRANTED**. Plaintiffs' RCRA claims against QuickTrip are **DISMISSED**.

C.   **State Law Claims**

Plaintiffs also bring claims of negligence, gross negligence, strict liability/defective product, trespass, and nuisance against Quicktrip. (Third Am. Compl. at 10-16).

As stated above, Quicktrip adopted the evidence presented by Explorer Pipeline for purposes of this Motion. The Court granted Summary Judgment to Explorer Pipeline on these same claims in its Opinion of November 25, 2003, finding that the Plaintiffs presented no evidence that: (1) Explorer was negligent in connection with the pipeline rupture; (2) the Plaintiffs' land is currently contaminated or that any of the Plaintiffs are or were ever denied the

---

³The Plaintiffs' point to an expert report from Robert Simons stating that according to a Contingent Valuation Analysis he conducted of "potential market buyers," only 8% would "provide a bid to buy a home proximate to a creek *that was polluted with MTBE and gasoline.*" (Pls.' Supplemental Rep. Exhibits, Ex. 2, emphasis added). The Court notes that the use of this report begs the question as to whether East Caddo Creek continues to be polluted as a result of the pipeline rupture. In addition, the Plaintiffs provide a letter from Realtor Karl Morold from October 11, 2001 stating that his Re/Max office could not continue to market a property bordering on "the creek" after the MTBE spill. (*Id.*, at Ex. 3). He states: "The property has been effectively condemned until more in (sic) known about the extent of the contamination." (*Id.*). This letter does not assist the Court in determining damages to properties which have been remediated.

use and enjoyment of their properties (nuisance claim); (3) contamination levels exceed state action levels on the Plaintiffs' properties (trespass); (4) or, that the MTBE-treated gasoline was defective (strict liability/defective product). (November 25, 2003 Opinion at 15-18). The Court adopts the reasoning of that Order for purposes of this Motion and finds the following:

In the Plaintiffs' Response to Quicktrip, they present no evidence that Quicktrip was negligent in connection with the pipeline spill: they have not shown that Quicktrip had a duty to them, nor that any duty was breached. The Defendant's Motion for Summary Judgment on the Plaintiffs' negligence and gross negligence claims is **GRANTED**. Plaintiffs' negligence and gross negligence claims against Quicktrip are **DISMISSED**.

Regarding the Plaintiffs' claim for strict liability/defective product, the Plaintiffs have provided no evidence to show that Quicktrip manufactured or marketed a defective product, that the defect rendered the product unreasonably dangerous for intended or reasonably foreseeable use, or that the defect caused the alleged injury. *See Turner v. General Motors Corp.,* 584 S.W.2d 844 (Tex. 1979); *Henderson v. Ford Motor Co.,* 519 S.W.2d 87 (Tex. 1974). The Defendant's Motion for Summary Judgment on the Plaintiffs' strict liability/defective product claim is **GRANTED**. The Plaintiffs' strict liability/defective product claim is **DISMISSED**.

Finally, regarding the Plaintiffs' nuisance and trespass claims, the Plaintiffs present no evidence that Quicktrip negligently invaded their property interests (nuisance) nor that the MTBE levels on their properties exceed state actions levels (trespass). *See Bible Baptist Church v. City of Cleburne,* 848 S.W.2d 826, 829 (Tex.App.–Waco 1993, pet. denied); *Taco Cabana, Inc. v. Exxon Corp.* 5 S.W.3d 773, 780 (Tex.App.–San Antonio 1999, writ denied);

6

*Cabana, Inc. v. Exxon Corp.* 5 S.W.3d 773, 780 (Tex.App.–San Antonio 1999, writ denied); *Z.A.O., Inc., v. Yarbrough Drive Center Joint Venture,* 50 S.W.3d 531, 543-44 (Tex.App.–El Paso 2001, no writ). The Defendant's Motions for Summary Judgment on the Plaintiffs' nuisance and trespass claims are **GRANTED**. Plaintiffs' claims for nuisance and trespass against Quicktrip are **DISMISSED**.

### III.  CONCLUSION

For the reasons stated above, Defendant Quicktrip's Motion for Summary Judgment on the Plaintiffs' RCRA, negligence, gross negligence, strict liability/defective product, nuisance, and trespass claims is **GRANTED**. The Plaintiffs' claims against Quicktrip for these causes of action are **DISMISSED**. Judgment will be entered by separate Order.

SO ORDERED.

DATED: December 16, 2003.

BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

7